# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

WANDA COOPER,                          )   No. ED CV 13-02247-VBK
                                       )
              Plaintiff,               )   MEMORANDUM OPINION
                                       )   AND ORDER
    v.                                 )
                                       )   (Social Security Case)
CAROLYN W. COLVIN, Acting              )
Commissioner of Social                 )
Security,                              )
                                       )
              Defendant.               )
_____)

    This matter is before the Court for review of the decision by the
Commissioner of Social Security denying Plaintiff's application for
disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have
consented that the case may be handled by the Magistrate Judge.  The
action arises under 42 U.S.C. §405(g), which authorizes the Court to
enter judgment upon the pleadings and transcript of the record before
the Commissioner.  The parties have filed the Joint Stipulation
("JS"), and the Commissioner has filed the certified Administrative
Record ("AR").

    Plaintiff raises the following issues:

    1.   Whether the Administrative Law Judge ("ALJ") properly

1    considered the opinion of Plaintiff's social worker; and

2    2.   Whether the ALJ properly evaluated Plaintiff's subjective

3         complaints.

4  (JS at 4.)

5

6    This Memorandum Opinion will constitute the Court's findings of

7  fact and conclusions of law.  After reviewing the matter, the Court

8  concludes that the decision of the Commissioner must be affirmed.

9

10                                 I

11  **THE ALJ PROPERLY CONSIDERED AND DEPRECIATED THE OPINION OF**

12                  **PLAINTIFF'S SOCIAL WORKER**

13    Following  administrative  denials  of  her  application  for

14  disability, Plaintiff requested and received a hearing before an ALJ,

15  at which time both she and a vocational expert ("VE") testified. At

16  the hearing, Plaintiff was represented by different counsel than now

17  represent her in this litigation. (AR 59-80.)

18    The  ALJ  issued  an  unfavorable  decision.  (AR  39-50.)  After

19  following the well-recognized five-step sequential evaluation process,

20  the ALJ determined that Plaintiff has severe impairments which include

21  depressive disorder. (AR 41.) Considering the evidence in the record,

22  the ALJ determined Plaintiff's residual functional capacity ("RFC")

23  enables her to perform medium work which includes frequent contact

24  with coworkers and supervisors and only occasional contact with the

25  general public. (AR 44.) Following the testimony of the VE, the ALJ

26  found  that  given  Plaintiff's  RFC,  there  are  jobs  that  exist  in

27  significant  numbers  in  the  national  economy  that  Plaintiff  can

28  perform, and thus, she is not disabled. (AR 48-49.)

Among the items of evidence considered by the ALJ was a form entitled "Medical Opinion Re: Ability to Do Work-related Activities (Mental)," completed by Plaintiff's social worker, Ruby Segovia, and provided to Plaintiff's administrative level counsel. (AR 321-327.) In this document, Ms. Segovia provided her opinions regarding Plaintiff's mental ability to do work-related activities, concluding that she was unable to meet competitive standards in nearly all areas of mental functioning required for unskilled work; that due to her symptoms it is difficult for her to regulate her emotions, which may lead to anger outbursts; and that she is unable to get the needed amount of sleep which leads to low energy and poor concentration. (AR 322.)

In the decision, the ALJ considered Ms. Segovia's "check-the-box" form, but gave it little weight. (AR 47.) As stated, the ALJ found that the opinion was not from an acceptable medical source as defined in the regulations, and it not supported by treatment records, "which demonstrated the claimant's symptoms improved after participating in therapy sessions in combination with the prescribed psychiatric medication." (AR 47-48.)

The ALJ considered other evidence pertaining to Plaintiff's mental condition, including an evaluation by Dr. Multani, entitled "Psychiatric Evaluation," performed on March 17, 2008 (AR 343-344); a longitudinal history of psychiatric medication management done in June 2011 (AR 46-47); and a psychiatric consultative evaluation ("CE") performed at the request of the Department of Social Services by Dr. Jahan on March 5, 2011 (AR 235-240).

As Plaintiff recognizes in the JS, Ms. Segovia's status as a social worker renders her a "non-acceptable medical source," as defined by Social Security Ruling ("SSR") 06-03p. Further, Plaintiff

3

1  acknowledges that to reject a social worker's opinion, the ALJ must
2  provide "reasons germane to each [social worker] for doing so." (JS at
3  6, citing Turner v. Commissioner of Social Sec., 613 F.3d 1217, 1224
4  (9th Cir. 2010).

5      Although Plaintiff contends that Ms. Segovia provided a "medical
6  opinion," this is not the case, because she lacks the requisite
7  qualifications, pursuant to regulations. Social workers are not
8  considered acceptable medical sources of evidence by the Commissioner.
9  See 20 C.F.R. §§ 404.1513(a), (e); 416.913(a), (e). See also 20 C.F.R.
10 § 404.1527 and SSR 06-03p. Under these regulations, social workers are
11 considered "other sources" of medical evidence, whose opinions are not
12 entitled to the same weight as those of physicians, whether treating,
13 examining, or non-examining. While the testimony of a medically
14 acceptable treating source may only be rejected if the ALJ provides
15 specific and legitimate reasons based on substantial evidence in the
16 record, where a source is not considered an acceptable medical source,
17 an ALJ may discount such testimony if the ALJ gives reasons germane to
18 that witness for doing so. See Molina v. Astrue, 674 F.3d 1104, 1111,
19 citing Turner v. Commissioner. of Social Sec., 613 F.3d 1217, 1224
20 (9th Cir. 2010). Indeed, in Molina, the Ninth Circuit affirmed as
21 germane an ALJ's rejection of an opinion provided by a nurse
22 practitioner, because that opinion consisted primarily of a
23 standardized, check-the-box form which failed to provide supporting
24 reasoning or clinical findings. (See Molina, 674 F.3d at 1111.) That
25 is identical to one of the reasons provided by the ALJ in this case.

26     The question thus becomes whether the ALJ provided "germane"
27 reasons to reject Ms. Segovia's opinions. In the decision, the ALJ
28 indicated that Ms. Segovia's opinion is not supported by the treatment

4

records which demonstrate improvement of symptoms after participation in therapy and taking prescribed psychiatric medication. (AR 48.) In reaching this conclusion, the ALJ noted that Plaintiff did not begin to seek mental health treatment until June 2011, prior to which she obtained care only three times in five years and did not follow the recommendation of Dr. Multani in 2008 that she begin treatment medication and therapy. (AR 46, 256-259.) It was within the ALJ's province to consider this failure to follow recommended treatment. (See Molina, 674 F.3d at 1113.)

The ALJ did find that in November 2011, when Plaintiff began medication and therapy, her condition substantially improved. (AR 46-47, 256-259, 325, 347.) As noted, after two months, in January 2012, Plaintiff reported that she was doing well, and by April of that year, her condition was noted to be stable. (AR 47, 325, 347.) Contrary to Plaintiff's contention, the Court finds nothing in the record that would cause it to overturn the ALJ conclusion that Plaintiff's condition substantially improved, such that she was not considered disabled, after she began therapy and medication treatment. For example, while a treatment note of June 1, 2011 indicated that Plaintiff reported that she slept only three to four hours a night (AR 246), just a few months later, in November 2011, after she began treatment, her insomnia was reported to be "resolved," and she indicated she was regularly getting about eight hours of sleep per night. (AR 325.) Simply put, Plaintiff's condition stabilized with treatment and therapy. While she argues that she did not improve to the extent necessary for her to work, the Court finds that the ALJ reasonably concluded otherwise. Further, while she may have had some anger outbursts, she does not persuasively argue that this would

compel a finding of disability. The ALJ reasonably concluded that her prompt and positive response to treatment and therapy indicated that Plaintiff would have improved earlier had she followed treatment recommendations made in 2008. (AR 46-47.)

Finally, it must be noted that despite all of these indicia of improvement, the ALJ nevertheless gave Plaintiff the benefit of the doubt, finding that she had depressive disorder as a severe impairment, which factored into mental restrictions in her RFC.

All in all, the Court cannot find legitimate fault with the ALJ's determination as to the evidence and conclusions with regard to the evaluation of the forms completed by Plaintiff's social worker.


**II**

**THE ALJ PROPERLY EVALUATED PLAINTIFF'S SUBJECT PAIN COMPLAINTS**

At the administrative hearing, Plaintiff provided testimony as to her subjective symptoms. She testified that her most serious impairment is her depression (AR 64-65), that while medication sometimes helped, she has good days and bad days, and on bad days she sleeps most of the day. In the week prior to the hearing, she only had three good days. (AR 65-66.) She does not socialize with friends, and her depression causes her to forget even simple things, leading her to become angry. (AR 66-68.) As to physical pain, Plaintiff indicated she still suffers back and pelvic pain; that she can sit for an hour before she must shift her position; and that her pain causes her to break down and start crying even when she attempts to do dishes. (AR 68-69, 72.) She suffers headaches and feels the need to vomit almost every day, and her headaches last for hours before she can return to normal. (AR 71-72.)

1    The ALJ depreciated Plaintiff's credibility as to these physical
2    and mental subjective symptoms, finding that the intensity,
3    persistence and limiting effects of the symptoms are not credible to
4    the extent they are inconsistent with the determined RFC. (AR 45.)

5    The Court's task is to determine whether the ALJ provided
6    specific and legitimate reasons to find Plaintiff not entirely
7    credible. See 20 C.F.R. §§ 404.1529; 416.929; SSR 96-7p. The ALJ
8    relied upon several factors to make this determination. The first was
9    Plaintiff's treatment history, which included (as discussed with
10   regard to the first issue) that Plaintiff failed to seek treatment for
11   years, and ultimately received conservative treatment which was
12   effective. (AR 46-47.) Given that Plaintiff provided no explanation,
13   and does not at this time provide any explanation, for failure to seek
14   treatment for such a long period of time, the ALJ properly included
15   this as a credibility assessment factor. See Tommasetti v. Astrue, 533
16   F.3d 1035, 1039 (9th Cir. 2008).

17   In addition to an unexplained failure to properly treat her
18   depression, the ALJ noted that the longitudinal treatment record is
19   inconsistent with Plaintiff's claims that she had disabling physical
20   pain and limitations. (AR 46; 68-70; 168; 275-277.) Indeed, as the ALJ
21   noted, Plaintiff sought and received only minimal treatment for back
22   and pelvic pain that she claimed, and she did not take any narcotic
23   pain medication or engage in any other form of substantial treatment.
24   (AR 44-45; 68-70.) Further, the objective evidence itself is
25   inconsistent with the level of pain asserted by Plaintiff. For
26   example, x-rays of Plaintiff's spine in July 2007 were negative and
27   she had at that time unremarkable physical examinations and normal
28   neurological examinations. (AR 32, 45-46, 226-230, 274-278, 336-337,

361.)

The ALJ also noted that Plaintiff performed a level of activities of daily living which were inconsistent with the level of disabling pain which she claimed. (AR 43; 167-174.)

All in all, the Court must disagree with Plaintiff's contention that the ALJ improperly depreciated her credibility, and finds that the ALJ set forth legitimate credibility assessment factors which were properly and correctly evaluated according to prevailing legal standards. Consequently, the Court finds no merit with regard to Plaintiff's second issue.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: _July 31, 2014_          _____/s/_____
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE